OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

May 4, 1999

D. C. "Jim" Dozier, J.D., Ph.D.
Executive Director
Texas Commission on Law Enforcement
  Officer Standards and Education
6330 U.S. Highway 290 East, Suite 200
Austin, Texas 78723

Opinion No. JC-0041

Re: Whether section 141.065 of the Human Resources Code prohibits a peace officer from simultaneously serving as a juvenile probation officer (RQ-1224)

Dear Dr. Dozier:

You have requested our opinion as to whether a peace officer may simultaneously serve as a juvenile probation officer. We conclude that he may not do so.

Section 141.065 of the Human Resources Code provides:

> A peace officer, prosecuting attorney, or other person who is employed by or who reports directly to a law enforcement or prosecution official may not act as a probation officer or be made responsible for supervising a juvenile on probation.

TEX. HUM. RES. CODE ANN. § 141.065 (Vernon 1990). We have received a brief that asserts that the above-referenced provision is applicable to a peace officer only if he is "employed by" or "reports directly to" a law enforcement or prosecution official. But this is not the sense of the sentence. The clause "who is employed by or who reports directly to a law enforcement or prosecution official" clearly modifies "other person." It does not modify "peace officer" or "prosecuting attorney." Thus, the prohibition of section 141.065 applies to any "peace officer," and any such person is barred from simultaneously serving as a juvenile probation officer.

Chapter 415 of the Government Code establishes the Texas Commission on Law Enforcement Officer Standards and Education ["TCLEOSE"]. Section 415.001(5) thereof defines "peace officer" as "a person elected, employed, or appointed as a peace officer under Article 2.12, Code of Criminal Procedure, or other law." TEX. GOV'T CODE ANN. § 415.001(5) (Vernon 1998). Article 2.12 lists twenty-nine classes of "peace officers." TEX. CODE CRIM. PROC. ANN. art. 2.12 (Vernon Supp. 1999). Section 51.203 of the Education Code is an example of an "other law" that authorizes the appointment of peace officers, in this case, campus security officers. TEX. EDUC. CODE ANN. § 51.203 (Vernon 1996); see also Tex. Att'y Gen. Op. No. MW-537 (1982) (West Texas

State University police officers are "peace officers" within the meaning of section 51.203 of the Education Code). Consequently, an individual who holds one of the positions denominated "peace officer" in article 2.12, or by some other statute, whether the person is "elected, employed, or appointed," is prohibited by section 141.065 of the Human Resources Code from simultaneously serving as a juvenile probation officer.

There appears to be some confusion about the difference between a "peace officer" and a person licensed by TCLEOSE. Section 415.051 of the Government Code provides that "a person" may not appoint an "officer," defined in section 415.001(4) to include a peace officer, "unless the officer . . . has the appropriate license from the commission." TEX. GOV'T CODE ANN. § 415.051(a) (Vernon 1998). TCLEOSE does not commission peace officers; it merely licenses individuals who may be appointed peace officers. As a result, a person may be a TCLEOSE licensee, but not a "peace officer." Section 141.065 of the Human Resources Code does not prohibit a mere TCLEOSE licensee from serving as a juvenile probation officer. Rather, it only prohibits a "peace officer," as we have defined the term, from serving as a juvenile probation officer.

## S U M M A R Y

Section 141.065 of the Human Resources Code prohibits a "peace officer," as defined by article 2.12 of the Code of Criminal Procedure, or other law, from simultaneously serving as a juvenile probation officer. It does not prohibit a mere licensee of the Texas Commission on Law Enforcement Officer Standards and Education from serving as a juvenile probation officer.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General